THOMAS JUDGE

v.

ROBERT WHITMER, et al.

No. 0326-87

Decided April 5, 1988

COUNSEL

Benjamin J. Trichilo (Lewis, Tydings, Bryan, Trichilo & Stock, P.C., on brief), for appellant.

John K. Coleman (Slenker, Brandt, Jennings & Johnston, on brief), for appellee.

OPINION

DUFF, J. — Thomas Judge appeals a decision of the Industrial Commission which granted the insurance carrier sole discretion in providing the nursing services he required. He raises the following issues on appeal: (1) whether the insurer presented sufficient evidence justifying a change in the claimant's home nursing care arrangements; (2) whether the insurer is estopped from changing the home nursing care agreement by precluding the claimant's wife from providing nursing services to her husband; and (3) whether the Industrial Commission erred by refusing to consider evidence that the insurer requested the claimant's wife to provide nursing services to her husband. We affirm the Industrial Commission's decision.

As the result of a compensable industrial injury in 1981, Thomas Judge is a respirator-dependent quadriplegic. He requires twenty-four hour nursing care. Shortly after the injury, the carrier made arrangements to have the claimant transported to Craig Hospital in Denver, Colorado, a center specializing in injuries of this type. Mrs. Judge also went to Craig Hospital in order to receive instruction from the hospital staff on the care of her husband. The carrier paid these expenses. As a result of the parties discussing various ways to provide necessary nursing care, the carrier hired a nursing service company to provide twenty-four hour care for the claimant. The carrier also paid Mrs. Judge for care she gave her husband when one of the nurses from the nursing service company was unable to work due to shift problems, holidays, or illness.

Control of the nursing care furnished to the claimant soon became an issue. At a 1983 hearing before the commission, Mrs. Judge sought control of the scheduling of the nursing company and the right to assign herself shifts for the care of her husband. The carrier, while willing to pay Mrs. Judge for the emergency care which she rendered, took the position that the nursing care should be left in the hands of the nursing service company. The commission, by opinion of February 16, 1983, held that the employer/carrier had met the requirements of Code § 65.1-88 by providing the services of the nursing service company. As long as the medical and nursing care furnished by the employer/carrier was reasonable, the claimant was under an obligation to accept the services of the professional nurses on a twenty-four hour basis.

The opinion further held that Mrs. Judge should be reimbursed for time she attended her husband when regularly-scheduled nurses were unavailable.

Subsequently, the original nursing service company was replaced and by agreement of the parties, Western Medical Services began furnishing nursing care. Mrs. Judge signed a contract with Western Medical Services, but the service sent all billings for the nursing care directly to the carrier for payment.

However, the difficulties regarding provision for nursing care were not resolved. The carrier began to notice an increase in the number of hours charged by Mrs. Judge and in May, 1986, its counsel wrote to claimant's counsel expressing concern and emphasizing that the nursing company was to provide the nursing care. The carrier requested Mrs. Judge to provide care only when a regular nurse was unavailable or in case of emergency. At a hearing of October 28, 1986, the commission heard evidence that Mrs. Judge had most recently provided care for her husband on an average of between forty to one-hundred hours per week, while working full time at General Services Administration from 6:00 a.m to 2:30 p.m. While Mrs. Judge is not an RN or LPN, the evidence showed that she was highly competent in the care of her husband and that she trained all of the nurses in the special care of a quadriplegic, including responsibilities concerning the respirator. The evidence further showed that Mrs. Judge exercised the right to veto any potential nurse sent out by Western Medical on the basis of compatibility, confidence, and attitude. Evidence showed that on occasion, Mrs. Judge had not allowed Western Medical Services to send a substitute for a regular nurse who could not make a shift because a substitute would not be familiar with the claimant's total care. The claimant testified that he wished to have his wife care for him, because she is able to discern sounds which identify changes in his breathing or situations involving the ventilator that require immediate attention.

The deputy commissioner found that Western Medical had the capacity and willingness to provide nurses on a twenty-four hour basis and should handle the nursing care for the claimant. The opinion further noted that the Workers' Compensation Act placed no requirement on an employer to provide medical treatment by nurses who are subjectively compatible to a claimant and his wife. The deputy commissioner further held that should Western Medi-

cal Service become unable to provide the necessary nurses, the carrier would be free to choose another company, so long as it continued to provide adequate and necessary care. The full commission affirmed the opinion, and this appeal followed.

■ Claimant first contends that the carrier is attempting to change the nursing arrangements by insisting that twenty-four hour care be furnished by a nursing service company. However, a review of the various hearings and opinions therefrom show this to be a misstatement of the issue. As far back as 1983, the commission held that so long as the nursing care provided was reasonable and proper, the carrier had the right to provide such care through a nursing service company. Indeed, the evidence revealed that Mrs. Judge had, at times of varying length, rendered exemplary care and attention to her husband, and that the carrier paid for such services. However, such payment cannot be construed as a waiver or relinquishment of the carrier's right to designate the health care providers subject to the commission's approval. As the full commission observed in the review opinion from which this appeal is taken: "The selection of nurses in this case is entirely the employer's inasmuch as it has the burden to provide the necessary medical treatment." As we view the procedural posture of this case at the hearing of October 28, 1986, the carrier's application was an attempt to require compliance with prior opinions of the commission rather than to change the care given to the claimant.

■ Nor do we find that the commission's opinion conflicts with *Warren Trucking Co. v. Chandler*, 221 Va. 1108, 277 S.E.2d 488 (1981), as contended by claimant. The underlying allegation in *Warren* was that there was a necessity for medical care in the home that was not being provided by the employer/carrier, and that the spouse was, thus, being forced to provide it and, therefore, she should be compensated. As the commission properly observed, that is not the case here where the employer and carrier have met their legal obligations.

Judge next contends that the employer/carrier should be estopped from changing the nursing care provided because they agreed that Mrs. Judge should provide such services and paid her for them. However, a fair reading of the record indicates that the carrier recognized the importance of Mrs. Judge being knowledgeable regarding the specialized care required by her husband and, indeed, paid for her to accompany him to the Craig Hospital to

receive special training. We find, however, that its position throughout has been that a professional nursing company should provide regular nursing care with Mrs. Judge providing care on an emergency only basis, such as when a nurse might not be available or a conflict in schedules existed. These facts do not present an adequate basis to apply the doctrine of estoppel.

The final issue raised by claimant is that the commission erred in failing to receive and consider evidence that the carrier had requested that Mrs. Judge provide nursing services to her husband. The claimant proffered documents from the carrier's file by discovery in a suit filed against the carrier by the claimant in the Circuit Court of Montgomery County, Maryland. The record reveals that they all pre-dated the February, 1983 opinion of the commission, which held that the nursing care was to be furnished by a nursing company, with Mrs. Judge filling in when nurses were not available. The commission ruled that such pre-dated documents were irrelevant and that testimony had, in fact, been received relating to the point involved. We find no reversible error in such ruling.

For the reasons stated, the opinion of the commission is

*Affirmed.*

Keenan, J., and Moon, J., concurred.