COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Duff
Argued at Alexandria, Virginia

THOMAS JUDGE

v.        Record No. 1515-94-4          MEMORANDUM OPINION[*] BY
                                        JUDGE JOHANNA L. FITZPATRICK
R & T CONSTRUCTION COMPANY AND                  MAY 2, 1995
 MARYLAND CASUALTY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Benjamin J. Trichilo (Lewis, Trichilo, Bancroft, McGavin &
          Horvath, P.C., on briefs), for appellant.

          Charles P. Monroe (Frank R. Kearney; Mell, Brownell & Baker,
          on brief), for appellees.


     Thomas Judge (claimant) appeals the commission's decision:

(1) denying his wife, Patricia Judge (Mrs. Judge), additional

reimbursement for nursing services performed from 1987 to 1993,

and (2) refusing to increase Mrs. Judge's hourly wage.  He argues

that:  (1) Mrs. Judge deserves additional wages for time spent

assisting the nurses from Western Medical Services (Western) and

picking up claimant's prescriptions, and (2) her hourly wage

should be increased from nine dollars to fifteen dollars.  We

affirm the commission.

     The facts are not in dispute.  On October 28, 1981, claimant

was involved in a work-related accident that rendered him a

respirator-dependent quadriplegic.  Maryland Casualty Company

(insurer), insurance carrier of R & T Construction Company

---
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(employer), delegated the provision of in-home nursing care to Western. This Court affirmed the commission's decision requiring employer to provide twenty-four hour home nursing care and allowing Mrs. Judge to be reimbursed for care provided in emergency situations. Judge v. Whitmer, 6 Va. App. 152, 155-56, 366 S.E.2d 713, 715-16 (1988).

Claimant seeks reimbursement of $41,432.85 for services provided by Mrs. Judge during the period August 1, 1987 to February 28, 1993 and requests an increase in her hourly wage from $9 to $15 for services after January 1, 1993. Insurer paid Mrs. Judge for services provided when a Western nurse was unavailable during the period in question.

Beginning in December 1991, Mrs. Judge reviewed the nurses' notes and her own time sheets and reconstructed the additional time she spent assisting Western nurses and picking up claimant's prescriptions. The summaries of additional hours prepared by Mrs. Judge merely list hours worked and do not specify the services performed. Claimant's doctor, Dr. John E. Toerge, reviewed Mrs. Judge's reimbursement claim and verified the medical necessity of her services. Dr. Toerge also testified that two people were needed for certain transfers and that he instructed Mrs. Judge to check claimant's skin condition on a daily basis. Insurer offered to have the prescriptions mailed directly to claimant's home, and that alternative was rejected.

Insurer's representative, Erica Mortland, testified that

2

insurer pays Western $37.50 per hour for RNs and $30.75 per hour for LPNs. Dr. Toerge testified that the pay range for attendant care in an urban setting was $10 to $20 per hour. Mrs. Judge is not a trained nurse but has received some specialized training regarding her husband's care.

The commission found that: (1) insurer properly reimbursed Mrs. Judge "for time she attended her husband when regularly scheduled nurses were unavailable"; (2) Mrs. Judge's documentation of her additional services was not persuasive; (3) insurer was not responsible for her mileage and time spent picking up claimant's prescriptions; (4) Mrs. Judge failed to show an increase in her hourly wage was justified; and (5) Mrs. Judge's wages should not be based on the wages of either RNs or LPNs.

On appeal, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the . . . [c]ommission will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

We cannot say, as a matter of law, that the commission erred in denying additional reimbursement and a wage increase. Credible evidence supports the commission's findings that: (1) Mrs. Judge was not entitled to any additional reimbursement, and

3

(2) Mrs. Judge's wages should not be increased to fifteen dollars per hour. Mrs. Judge's summaries of additional hours claimed are speculative and do not indicate which services were performed and how long each service took. Dr. Toerge asked Mrs. Judge to check claimant's skin condition and stated that two people were necessary for certain transfers, but the record is unclear concerning how much of Mrs. Judge's time was devoted to these services. Insurer has already reimbursed Mrs. Judge for her services provided when Western personnel were not available. We also affirm the commission's denial of reimbursement for picking up prescriptions because the time and cost incurred could have been avoided by mailing the medications.

Additionally, the commission's refusal to increase Mrs. Judge's hourly wage is supported by credible evidence. This Court held that a spouse may receive reimbursement for necessary medical attention only if "there is a means to determine with proper certainty the reasonable value of the services performed by the spouse." Warren Trucking Co., Inc. v. Chandler, 221 Va. 1108, 1116, 277 S.E.2d 488, 493 (1981). Mrs. Judge failed to establish the "reasonable value of the services performed," and information about reasonable wages for a trained nurse was irrelevant in determining the value of an untrained spouse's services.

Affirmed.